IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BERNARD B. DAVIS,**

    **Petitioner,**

**v.**                                                    **Case No. 4:25-cv-92-AW-MJF**

**RICKY D. DIXON,**

    **Respondent.**

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Bernard Davis petitioned for § 2254 relief. The State moved to dismiss, arguing the petition was untimely. Davis does not contest the fact that he missed the filing deadline. His sole argument is that equitable tolling should apply. And he bases his tolling argument solely on his former attorney's negligence. As the magistrate judge explains in a thorough report and recommendation, that is not enough to warrant the "extraordinary circumstances" Davis must show for the "extraordinary remedy" he seeks. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017). The magistrate judge thus recommends dismissal based on untimeliness. ECF No. 16. Davis has filed objections, ECF No. 17, and I have considered the matter de novo.

Davis alleges—and it appears undisputed—that his former attorney negligently failed to timely file his state Rule 3.850 motion. Davis's subsequent untimely Rule 3.850 motion did not toll his federal deadline, and the § 2254 petition

1

here is untimely. The problem for Davis is that an attorney's negligence—even gross negligence—is not enough. *See Cadet*, 853 F.3d at 1227.

Davis argues that his attorney's conduct was so bad that it led to a bar sanction. But he still has not shown anything other than negligence. Attorneys who negligently miss filing deadlines can face bar sanctions, but any such sanction does not change the nature of the negligence or misconduct. *Cf. id.* at 1232 (explaining that "[a]n attorney who is guilty of negligence, even simple negligence, in ascertaining and calculating a filing deadline and thereby causes his client's action to be barred . . . has clearly violated the ABA rules."); *id.* at 1234 ("Negligence, however gross, is not the same as abandonment.").

Finally, the magistrate judge correctly explains that Davis has not shown diligence. To succeed with an equitable-tolling argument, a petitioner must show not only extraordinary circumstances but also reasonable diligence. "[T]he reasonable diligence and extraordinary circumstance requirements are not blended factors; they are separate elements, both of which must be met before there can be any equitable tolling." *Cadet*, 853 F.3d at 1225. Davis objects to the magistrate judge's conclusion about diligence, but he says only that he relied on his counsel. This is not enough. The magistrate judge was correct on that point. This is an independent reason Davis has not shown a basis for equitable tolling.

I now adopt the report and recommendation in full, and I incorporate it into this order. The motion to dismiss (ECF No. 9) is GRANTED. The clerk will enter a judgment that says, "The § 2254 petition is dismissed as time barred." A certificate of appealability is DENIED.

The clerk will close the file.

SO ORDERED on September 8, 2025.

                                         s/ *Allen Winsor*
                                         Chief United States District Judge